IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT L. ANDREWS, CLAUDIA J. ROHR,<br><br>    Plaintiffs,<br><br>  vs.<br><br>COUNTY OF HAWAII; LAWRENCE K. MAHUNA; SAMUEL THOMAS; GEORGE MAKUA; ROMEO FUVIAVA; BRIAN MILLER; BENNY RUFFOLO; ANNETTE COLLINS; MIRIAM KANAEHOLO; DOE DEFENDANTS 1–25,<br><br>    Defendants. | CV. NO. 10-00749 DAE-KSC |

ORDER: (1) DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITHOUT PREJUDICE; (2) DENYING PLAINTIFFS' MOTION FOR APPLICATION OF ENLARGEMENT OF TIME; AND (3) DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE

On September 19, 2011, the Court heard Defendants County of Hawaii, Lawrence K. Mahuna, Samuel Thomas, George Makua, Romeo Fuviava, Brian Miller, Benny Ruffolo, and Annette Coolins' (collectively "Defendants") Motion for Judgment on the Pleadings ("Defendants' Motion"). The Court also heard Plaintiffs Scott L. Andrews and Claudia J. Rohr's (collectively "Plaintiffs") Motion for Application of Enlargement of Time ("Plaintiffs' Motion"). Scott L.

Andrews and Claudia J. Rohr, pro se, appeared at the hearing on behalf of themselves; Michael J. Udovic, Esq., appeared on behalf of Defendants. After reviewing the motions and the supporting and opposing memoranda, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion (Doc. # 28), **DENIES** Plaintiffs' Motion (Doc. # 32), and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint.

## BACKGROUND

The factual predicate of Plaintiffs' Complaint dates back to April 21, 2008. ("Compl.," Doc. # 1, ¶ 26.) Plaintiffs claim that Plaintiff Scott Andrews ("Andrews") was confronted by a group of individuals and called the police for help. (Id. ¶ 27.) While waiting for police Plaintiffs claim that Andrews was attacked. (Id. ¶ 30.) Plaintiffs claim that Defendants, each of whom are members of the Hawaii County Police Department, did not conduct an investigation into the assault. (Id. ¶¶ 6–14; see id. ¶¶ 32–34.) Thereafter the named Defendants allegedly failed to respond to Plaintiffs' repeated requests for assistance across a period of eight months. (See id. ¶¶ 34–52.) Plaintiffs claim that Defendants ultimately arrested Andrews on Friday, December 12, 2008. (Id. ¶ 53.)

Once arrested, Andrews claims that he thought he was having a heart attack, but no one took him to the hospital. (Id. ¶ 55.) Plaintiff Claudia Rohr

("Rohr") repeatedly requested to see Andrews but was denied access to him. (Id. ¶ 56.) Plaintiffs claim that Andrews was eventually taken to the hospital and was diagnosed with an abnormal electrocardiogram. (Id. ¶ 58.) Andrews claims to have been incarcerated without bail for a total of forty-four hours "for no apparent purpose." (Id. ¶ 63.) An exhibit to Plaintiffs' Opposition shows that Andrews was released on December 14, 2008. ("Release Form," Doc. # 30-3, at 2.)

As a result of Defendants' conduct, Plaintiffs allege the following causes of action:

- Andrews "was falsely arrested and suffered the loss of his liberty without any probable . . . cause in violation of rights guaranteed to him by the Fourth, Fifth, Ninth and Fourteenth Amendment to the United States Constitution." (Compl. ¶ 71.)

- Defendants "negligently failed and/or refused to properly train, supervise, and/or discipline police officers and other employees under their supervision and control . . . ." (Id. ¶ 73.)

- Defendants "negligently caused Plaintiffs to suffer injuries, pain, mental anguish, emotional distress, anxiety, embarrassment, humiliation, worry, and anger . . . ." (Id. ¶ 75.)

- Defendants "acted herein knowingly, deliberately, intentionally, and maliciously without regard for the rights, interests, and well-being of Plaintiffs." (Id. ¶ 77.)

Plaintiffs filed their Complaint on December 15, 2010. (See Doc. # 1.) On May 27, 2011, Defendants filed their Motion. ("Ds' Mot.," Doc. # 28.) On August 1, 2011, Plaintiffs filed their Opposition. ("Ps' Opp'n," Doc. # 30.) On August 8, 2011, Defendants filed their Reply. ("Ds' Reply," Doc. # 31.)

On August 22, 2011, Plaintiffs filed their Motion for Application for Enlargement of Time. ("Ps' Mot.," Doc. # 32.) On August 29, 2011, Defendants filed their Opposition. ("Ds' Opp'n," Doc. # 34.) On September 12, 2011, Plaintiffs filed their Reply. ("Ps' Reply," Doc. # 37.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 12(c) states, "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is properly granted when the Court, accepting all the allegations in the pleadings as true and construing them in the light most favorable to the nonmoving party, concludes that the moving party is entitled to judgment as a matter of law.

Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). No issue of material fact may be in dispute. Id.

When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion. See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1262 (D. Haw. 2003). As a result, a motion for judgment on the pleadings for failure to state a claim may be granted "'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" McGlinchy, 845 F.2d at 810 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").

Thus, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997) (citing McGann v. Ernst & Young, 102 F.3d 390, 392 (9th

Cir. 1996)). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." McGlinchy, 845 F.2d at 810.

As noted, to withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940. Although the court must accept all well-pleaded factual allegations as true, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555).

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The pleadings are closed once a complaint and an answer have been filed, assuming that there is no counterclaim or cross-claim. Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005).

DISCUSSION

I. Statute of Limitations

Defendants' sole assertion in their Motion is that the statute of limitations has expired on all of Plaintiffs' claims. "'For actions under 42 U.S.C. § 1983 . . . courts apply the forum state's statute of limitations.'" Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)); see also Fink v. Shelder, 192 F.3d 911, 914 (9th Cir. 1999) (same). Although state law determines the statute of limitations, federal law determines when the cause of action accrues. Pesnell, 543 F.3d at 1043 (citing Papa, 2831 F.3d at 1009); see also Cederquist, 235 F.3d at 1156. In the Ninth Circuit "a claim accrues under federal law when the plaintiff knows or has reason to know of the actual injury." Lukovsky v. San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (citing Inlandboatmens Union of Pac. v. Dutra Group, 279 F.3d 1075, 1081 (9th Cir. 2002)); cf. Wallace v. Kato, 549 U.S. 384, 384 (2007) ([T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). However, tolling provisions for § 1983 claims are borrowed from the forum state. Canatella, 486 F.3d at 1132.

In Hawaii the statute of limitations for personal injury is two years. See H.R.S. § 657-7 ("Actions for the recovery of compensation for damage or

injury to persons or property shall be instituted within two years after the cause of action accrued.").

Plaintiffs filed the instant Complaint on December 15, 2010. (See Doc. # 1.) The grand majority of Defendants' alleged misconduct happened between April 2008 and December 12, 2008, when Plaintiff was arrested. (Compl. ¶¶ 26–53.) The very last instance of alleged misconduct occurred on December 14, 2008, the day on which Plaintiff was released from custody. (Release Form at 2.) Thus, at the latest, the claims alleged accrued on December 14, 2008, as Plaintiff "kn[ew] or ha[d] reason to know of the actual injury" underlying his claims. Lukovsky, 535 F.3d at 1051. Accordingly, the statute of limitations on Plaintiffs' causes of action expired on December 14, 2010—one day before Plaintiffs filed their Complaint. (See Doc. # 1.)

Plaintiffs attempt to avoid this result in multiple ways. First, Plaintiffs point out that they are pro se and suggest this Court should "liberally construe" their pleadings. (Opp'n at 4.) Liberal construction, however, cannot save Plaintiffs' Complaint. The alleged misconduct occurred more than two years prior to the Complaint being filed. The statute of limitations has expired, irrespective of the construction of Plaintiffs' claims.

Plaintiffs also claim that they, in good faith, filed a notice of claim with the County of Hawaii before the expiration of the statute of limitations on November 30, 2010. (Opp'n at 7; Doc. # 32-3.) This does not help Plaintiffs because "state notice of claim statutes have no applicability to § 1983 actions." See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). Plaintiffs have provided the Court no case law to suggest that filing a notice of claim somehow obviates the requirement that a plaintiff actually file a suit before a statute of limitations expires.

Plaintiffs next claim that "the discovery rule" should apply. (Ps' Opp'n at 7.) The Hawaii state discovery rule provides that "under the statute of limitations currently codified in HRS § 657-7, a cause of action does not 'accrue' and the limitations period does not begin to run, until the plaintiff knew or should have known of the defendant's negligence." Hays v. City and County of Honolulu, 917 P.2d 718, 720 (Haw. 1996). First, as discussed, when a claim accrues is a question of federal law, not state law. Wallace, 549 U.S. at 384 ([T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.") In any event, Hawaii's "discovery rule" is nearly identical to the federal test for determining when a cause of action accrues. See Lukovsky, 535 F.3d at 1051 (noting "a claim accrues under federal law when the plaintiff

9

knows or has reason to know of the actual injury"). This Court concluded supra that the latest Plaintiffs could have been aware they suffered an actual injury was the last day he was incarcerated, December 14, 2008. Accordingly, Plaintiffs had two years from that date to file a Complaint in this Court.

Plaintiffs next contend that Hawaii's "fraudulent concealment" rule should toll the statute of limitations. Hawaii Revised Statute § 657-20 provides:

> If any person who is liable to any of the actions mentioned in this part or section 663-3, fraudulently conceals the existence of the cause of action or the identity of any person who is liable for the claim from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, the existence of the cause of action or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Haw. Rev. Stat. § 657-20. It is unclear to the Court, nor do the Plaintiffs explain, how precisely Defendants concealed anything from Plaintiffs. Andrews was plainly incarcerated. His incarceration could hardly be said to have been concealed from him or his wife. At that time Plaintiffs "kn[ew] or ha[d] reason to know of the actual injury." Lukovsky, 535 F.3d at 1051. There was no concealment. This rule simply is not applicable here.

Plaintiffs finally state that "Plaintiffs neither knew nor could reasonably have been expected to know of constitutional injuries and a cause of

10

action against Defendants . . . ." (Opp'n at 9.) It appears to the Court Plaintiffs are making an equitable tolling argument. (See also id. at 3.) "Equitable relief for a statute of limitations is not available to a [plaintiff] who fails to exercise due diligence in pursuing a claim, absent conduct or representation(s) by the [defendant] that could reasonably lead a [plaintiff] to believe that further action would be forthcoming." Jou v. Schmidt, 184 P.3d 817, 820 (Haw. App. 2008). Plaintiffs have provided no evidence or argument on this point in their Opposition. At the latest, Plaintiffs were on notice of actual injury on December 14, 2008. Plaintiffs as of yet have proffered no justification for their failure to diligently pursue this claim prior to the expiration of the statute of limitations. Moreover there is no evidence suggesting that Defendants in anyway misled Plaintiffs about their claim.

Perhaps realizing their claims would otherwise be time-barred, Plaintiffs filed a Motion for Application for Enlargement of Time. Plaintiffs request that the Court "use the mailing 'service date' of December 13, 2010 for the statute of limitations purposes." (Ps' Mot. at 1.) Plaintiffs claim that they filed a notice of claim with Defendants on November 30, 2010 but did not receive a response until December 9, 2010 in which Defendants stated the notice of claim would not toll the statute of limitations. (Id. at 4.) Plaintiffs then allegedly called

11

the Clerk of Court in this District and spoke to an "unnamed female courtroom manager . . . who advised that it was enough to mail in their Complaint and write and ask the Court to use the mailing date on the mailing receipt." (Id. at 4–5.) Plaintiffs then argue that they were diligent in pursuing their claim because they "discovered important facts" at the end of November 2010 and thereafter pursued their claims. (Id. at 6.) Plaintiffs also claim that Defendants will suffer no prejudice. (Id. at 6–7.)

Plaintiffs have not yet demonstrated they pursued their claims with due diligence. Plaintiffs simply assert "important facts" came to light in November 2010. (Id. at 6.) Plaintiffs provide no detail or explanation as to what those facts are and how they are important. Nor do Plaintiff proffer an explanation as to why they were unable to discover these facts before November 2010. Most importantly, Plaintiffs provide no evidence which suggests they were actively pursuing or investigating their claim after Andrews was released from prison. Absent such a showing, or a showing that Plaintiffs were anticipating some further action from Defendants, Plaintiffs are not entitled to equitable tolling. Jou, 184 P.3d at 820 ("Equitable relief for a statute of limitations is not available to a [plaintiff] who fails to exercise due diligence in pursuing a claim, absent conduct or

representation(s) by the [defendant] that could reasonably lead a [plaintiff] to believe that further action would be forthcoming.").

Nor does Plaintiffs' assertion that a courtroom manager "advised" them that the mailing date was sufficient entitle Plaintiffs to equitable tolling. Plaintiffs rely on Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147 (1984), for support that equitable tolling should apply "where the court has led [a] plaintiff to believe that [he or she] had done everything required of her." Id. at 151 (citing Carlile v. S. Routt Sch. Dist. RE 3-J, 652 F.2d 928 (11th Cir. 1981)). The Baldwin Court cited to an Eleventh Circuit decision in support of this proposition. Id. There, the district court had issued an "unsolicited order extending the time in which [plaintiff] could file a complaint." Carlile, 652 F.2d at 986. In United States v. Buckles, 647 F.3d 883 (9th Cir. 2011), the Ninth Circuit concluded a petitioner in a habeas proceeding might have been entitled equitable tolling where an individual in a clerk's office unambiguously represented to the petitioner that he had additional time to seek relief. Id. at 891–92. Conversely, the Ninth Circuit has held that where a plaintiff has not been "affirmatively misled by the district court's instructions," he or she is not entitled to equitable tolling. Brambles v. Duncan, 412 F.3d 1066, 1070–71 (9th Cir. 2005).

Plaintiffs' arguments with respect to the courtroom manager are not persuasive. The Court here has issued no order as in Carlile. Nor did the courtroom manager unambiguously state the statute of limitations would be tolled. The court room manager did not mislead Plaintiffs into believing that mailing the document would suffice for statute of limitations purposes. Instead, she directed Plaintiffs to mail the Complaint to the Court and <u>to ask the Court</u> to use the date on the mailing receipt for the purposes of the statute of limitations. (See Ps' Mot. at 5; Ps' Reply at 12.)

Moreover, Plaintiffs admit in their own briefing that they did not comply with the courtroom manager's direction. In Opposition, Plaintiffs allege specifically that the courtroom manager stated "it was enough to mail in their Complaint <u>and write and ask the Court to use the mailing date on the mailing receipt</u>." (Ps' Mot. at 5 (emphasis added).) Plaintiffs proffered evidence that they mailed the documents on December 13, 2010,[1] but they did not contact the Court and ask permission to use the mailing date for statute of limitations purposes. Plaintiffs concede as much in their briefing, stating that after mailing the

---

[1] There is some debate as to whether the document was mailed on December 13 or December 14. The mailing receipt provides that Plaintiffs' request was "processed" on December 13, 2010, but was not sent until December 14, 2010. (Doc. # 32-5.) The Court assumes for instant purposes that it was sent, as Plaintiffs suggest, on December 13, 2010.

14

Complaint, "Plaintiffs were then challenged by the task of determining how to properly write and ask the Court to use the mailing date for statute of limitation purposes of their action." (Ps' Mot. at 5.) In fact, Plaintiffs took no further action at all. Instead, Plaintiffs waited an additional eight months and until after Defendants filed their Motion for Judgment on the Pleadings to request an enlargement of time. Under these circumstances, the Court cannot yet conclude that Plaintiffs are entitled to equitable tolling. Cf. Buckles, 647 F.3d at 891 (finding a petitioner may be entitled equitable tolling in a habeas proceeding where clerk's office unambiguously stated Plaintiff had additional time to seek relief); Brambles, 412 F.3d at 1070–71 (finding equitable tolling did not apply where a plaintiff was not "affirmatively misled by the district court's instructions.").

II.     Dismissal without Prejudice

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Further, "requests for leave should be granted with extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." Id. "However, 'liberality in granting leave to amend is subject to several limitations.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon

15

Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Id. (citing Ascon Props, 866 F.2d at 1160). "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" Id. (quoting Ascon Props, 866 F.2d at 1160).

Here it is beyond dispute that the statute of limitations on Plaintiffs' claims expired before they filed their Complaint. As discussed at the Hearing, however, the Court recognizes that it may be possible for Plaintiffs to plead sufficiently that Defendants could be estopped from raising a statute of limitations defense if provided the opportunity to amend their Complaint. See Jou, 184 P.3d at 820 ("Equitable relief for a statute of limitations is not available to a [plaintiff] who fails to exercise due diligence in pursuing a claim, absent conduct or representation(s) by the [defendant] that could reasonably lead a [plaintiff] to believe that further action would be forthcoming."). The Complaint is therefore **DISMISSED WITHOUT PREJUDICE** as against all Defendants in this action with leave to amend no later than forty-five (45) days from the filing of this Order. Failure to amend will result in dismissal of this action <u>with prejudice</u>.

CONCLUSION

For these reasons, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion (Doc. # 28), **DENIES** Plaintiffs' Motion (Doc. # 32), and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 20, 2011.

David Alan Ezra
United States District Judge

Andrews, et. al v. County of Hawaii et al., Cv. No. 10-00749 DAE-KSC; ORDER: (1) DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITHOUT PREJUDICE; (2) DENYING PLAINTIFFS' MOTION FOR APPLICATION OF ENLARGEMENT OF TIME; AND (3) DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE