IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT L. ANDREWS, CLAUDIA J. ROHR,<br><br>       Plaintiffs,<br><br>   vs.<br><br>COUNTY OF HAWAII; LAWRENCE K. MAHUNA; SAMUEL THOMAS; GEORGE MAKUA; ROMEO FUVIAVA; BRIAN MILLER; BENNY RUFFOLO; ANNETTE COLLINS; MIRIAM KANAEHOLO; DOE DEFENDANTS 1–25,<br><br>       Defendants.<br>_____ | CV. NO. 10-00749 DAE-KSC |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (3) VACATING THE HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants County of Hawaii, Lawrence K. Mahuna, Samuel Thomas, George Makua, Romeo Fuviava, Brian Miller, Benny Ruffolo, and Annette Coolins' (collectively, "Defendants") Motion to Dismiss the First Amended Complaint and the supporting and opposing

memoranda, the Court **GRANTS** Defendants' Motion to Dismiss and

**DISMISSES WITHOUT PREJUDICE** the First Amended Complaint.

BACKGROUND

Plaintiffs Scott Andrews ("Andrews") and his wife Claudia Rohr

("Rohr"), proceeding pro se, filed this action against Defendants Hawai'i County

and various members of the Hawai'i County Police Department.  The factual

allegations in Plaintiffs' Complaint date back to April 21, 2008.  ("FAC," Doc.

# 41, ¶ 23.)  Plaintiffs claim that on that day, Andrews was confronted by a group

of individuals, including a man named Alexander Lewis ("Lewis"), and called the

police for help.  (Id. ¶ 25.)  According to Plaintiffs, Andrews was attacked by

Lewis while waiting for the police.  (Id. ¶¶ 25–26.)  Plaintiffs claim that Defendant

police officers did not conduct a thorough investigation into the assault.  (Id.

¶¶ 30–32.)  Instead, Defendants George Makua ("Makua") and Romeo Fuiava

("Fuiava") allegedly "conspired to stage a cover-up to protect Lewis" by

fabricating evidence.  (Id. ¶¶ 32–33.)  Plaintiffs claim that over the course of the

next several months, Lewis and others harassed the Plaintiffs and the Defendants

failed to respond to Plaintiffs' repeated requests for assistance.  (See id. ¶¶ 34–40.)

On December 12, 2008, Lewis allegedly assaulted Andrews again and

Andrews sustained injuries that required him to go to the hospital.  (Id. ¶¶ 41–51.)

Plaintiffs allege that after the assault, they tried numerous times to contact the police and request assistance.  (<u>Id.</u> ¶¶ 50, 53–55, 58a[1].)  According to Plaintiffs, however, the Defendants refused to send an officer to their home or conduct an investigation.  (<u>Id.</u> ¶¶ 53–55, 58a.)  Andrews checked into the Hilo Medical Center Emergency Room around 5:45 p.m. that day and Defendant Benny J. Ruffolo ("Ruffolo") allegedly agreed to meet Andrews at the hospital for an interview.  (<u>Id.</u> ¶¶ 55–56.)  However, Plaintiffs claim that Ruffolo never contacted them.  (<u>Id.</u> ¶ 58a.)  Instead, Fuiava and several other unnamed defendants allegedly went to the hospital and tried to get Andrews civilly committed but were unsuccessful.[2]  (<u>Id.</u> ¶ 57b.)  Plaintiffs allege that Fuiava and the others then proceeded to arrest Andrews while he was in the Emergency Room.  (<u>Id.</u> ¶ 59a.)

Plaintiffs claim that Andrews was subsequently taken to a holding jail at the Hilo Police Station after Andrews refused to sign the hospital release form.  (<u>Id.</u> ¶¶ 60–61.)  According to Plaintiffs, Andrews repeatedly told the officers that

---

[1]The First Amended Complaint appears to contain typographical errors as the paragraphs are misnumbered.  Specifically, paragraph numbers 57, 58, and 59 are repeated.  For purposes of identification, the Court will refer to the first set as "57a, 58a, and 59a" and the second set as "57b, 58b, 59b."

[2]Although not alleged in the FAC, Plaintiffs state in their Opposition brief that Defendant Fuiava consulted with the Hilo Medical Center ER staff and attempted to have Andrews certified for a 48-hour psychiatric hold.

he thought he was going to have a heart attack but they initially refused to take him

back to the hospital.  (Id. ¶ 61.)  Plaintiff Rohr repeatedly requested to see

Andrews but was denied access to him.  (Id. ¶ 63.)  Plaintiffs claim that Andrews

was eventually taken to the hospital and was diagnosed with an abnormal

electrocardiogram.  (Id. ¶ 64.)  Andrews claims to have been incarcerated without

bail for a total of forty-four hours "for no apparent purpose."  (Id. ¶ 71.)  Andrews

was released on December 14, 2008.  ("Release Form," Doc. # 30-3, at 2.)

Plaintiffs initiated the instant action on December 15, 2010.  (Doc.

# 1.)  On September 20, 2011, this Court dismissed Plaintiffs' Initial Complaint

without prejudice.  (Doc. # 39.)  The Court determined that the statute of

limitations for Plaintiffs' claims expired before the Initial Complaint was filed.

However, the Court observed that "it may be possible for Plaintiffs to plead

sufficiently that Defendants could be estopped from raising a statute of limitations

defense if provided the opportunity to amend their Complaint."  (Id. at 16.)  The

Court therefore granted Plaintiffs leave to amend and on November 3, 2011,

Plaintiffs filed a First Amended Complaint ("FAC").  ("FAC," Doc. # 41.)  The

FAC alleges the following causes of action:

1.      Andrews "was falsely arrested and suffered the loss of his

liberty without any probable . . . cause in violation of rights

guaranteed to him by the Fourth, Fifth, Ninth and Fourteenth

Amendment to the United States Constitution."  (Id. ¶ 81.)

2. Defendants "negligently failed and/or refused to properly train,

supervise, and/or discipline police officers and other employees

under their supervision and control . . . ."  (Id. ¶ 83.)

3. Defendants "negligently caused Plaintiffs to suffer physical

injuries, pain, mental anguish, emotional distress, anxiety,

embarrassment, humiliation, worry, and anger . . . ."  (Id. ¶ 85.)

4. Defendants "acted herein knowingly, deliberately, intentionally,

deliberately indifferent, and maliciously without regard for the

rights, interests, and well-being of Plaintiffs."  (Id. ¶ 87.)

5. Defendant County of Hawaii "negligently, unlawfully operates

under an unconstitutional General Order which emphasizes the

outside time limit arrested persons may be detained without

setting bail . . . ."  (Id. ¶ 89.)

6. Defendant County of Hawaii "negligently failed to act upon a

special duty, thereby proximately and directly causing the

injuries to Plaintiffs complained of herein."  (Id. ¶ 91.)

On November 14, 2011, Defendants filed a Motion to Dismiss the FAC.  ("Mot.," Doc. # 44.)  Plaintiffs filed an Opposition to Defendants' Motion on January 23, 2012.  ("Opp.," Doc. # 49.)  That same day, Plaintiffs also filed a Request for Leave to Amend and Supplement the FAC.  (Doc. # 50.)  Defendants filed a Reply in further support of their Motion on January 30, 2012.  ("Reply," Doc. # 53.)

## STANDARD OF REVIEW

### I.   Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal

evidence and may not just provide a speculation of a right to relief.  Id. at 586.

When a complaint fails to adequately state a claim, such deficiency should be

"exposed at the point of minimum expenditure of time and money by the parties

and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or

portions thereof, it must consider whether to grant leave to amend.  Lopez v.

Smith, 203 F .3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")

(internal quotations and citations omitted).

II.      Federal Rule of Civil Procedure 8

             Federal Rule of Civil Procedure 8 mandates that a complaint include a

"short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each

allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint

that is so confusing that its "'true substance, if any, is well disguised'" may be

dismissed sua sponte for failure to satisfy Rule 8.  Hearns v. San Bernardino Police

Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of

Richmond, 417 F.2d 426, 431 (9th Cir. 1969); see also McHenry v. Renne, 84 F.3d

1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix

in evidentiary detail, yet without simplicity, conciseness and clarity as to whom

plaintiffs are suing for what wrongs, fails to perform the essential functions of a

8

complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)

("A complaint which fails to comply with [Rule 8] may be dismissed with

prejudice[.]").

   Put slightly differently, a complaint may be dismissed for failure to

comply with Rule 8 where it fails to provide the defendants fair notice of the

wrongs they have allegedly committed.  See McHenry, 84 F.3d at 1178–80

(affirming dismissal of complaint where "one cannot determine from the complaint

who is being sued, for what relief, and on what theory, with enough detail to guide

discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4

(9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint

provide[d] fair notice of the wrongs allegedly committed by defendants and [did]

not qualify as overly verbose, confusing, or rambling").  Rule 8 requires more than

"the-defendant-unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949 (2009) (internal quotations omitted).  Further, "[a] pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action

will not do." Id. (internal quotations omitted). "Nor does a complaint suffice if it

tenders naked assertions devoid of further factual enhancement." Id. (internal

quotations omitted).  "The propriety of dismissal for failure to comply with Rule 8

does not depend on whether the complaint is wholly without merit." <u>McHenry</u>, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 129 S. Ct. at 1950.  Legal conclusions must be supported by factual allegations.  <u>Id.</u> "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Id.</u>

<u>DISCUSSION</u>

Defendants move to dismiss the FAC on three grounds.  First, they assert that Plaintiffs' claims are barred by the statute of limitations and that Plaintiffs have not alleged facts to support the application of the doctrine of equitable tolling or equitable estoppel.  Second, they argue that Plaintiffs have failed to state a claim pursuant to 42 U.S.C. § 1983.  Third, they assert that Plaintiff Rohr lacks standing to bring the claims alleged in the FAC.

As a preliminary matter, the Court notes that a pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel.  <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir. 2004).  When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se

10

litigant.  Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).  However, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).  Moreover, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

I.   Statute of Limitations and Equitable Relief

"'For actions under 42 U.S.C. § 1983 . . . courts apply the forum state's statute of limitations.'"  Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)); see also Fink v. Shelder, 192 F.3d 911, 914 (9th Cir. 1999) (same).  Although state law determines the statute of limitations, federal law determines when the cause of action accrues.  Pesnell, 543 F.3d at 1043 (citing Papa, 2831 F.3d at 1009); see also Cederquist, 235 F.3d at 1156.  In the Ninth Circuit "a claim accrues under federal law when the plaintiff knows or has reason to know of the actual injury." Lukovsky v. San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (citing Inlandboatmens Union of Pac. v. Dutra Group, 279 F.3d 1075, 1081 (9th Cir. 2002)); cf. Wallace v. Kato, 549 U.S. 384, 384 (2007) ([T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference

to state law."). However, tolling provisions for § 1983 claims are borrowed from the forum state. Canatella, 486 F.3d at 1132. Therefore, Hawaii's two-year statute of limitations for personal injury actions applies to Plaintiffs' § 1983 claims. See H.R.S. § 657-7 ("Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued.").

Plaintiffs filed the instant action on December 15, 2010. (See Doc. # 1.) The large majority of Defendants' alleged misconduct happened between April 2008 and December 12, 2008, when Plaintiff was arrested. (FAC ¶¶ 23–71.) Plaintiffs acknowledge that they suspected they had a § 1983 claim as early as April 21, 2008. (Opp. at 4.) The very last instance of alleged misconduct occurred on December 14, 2008, the day on which Plaintiff was released from custody. (Release Form at 2.) Thus, at the latest, the alleged claims accrued on December 14, 2008, as Plaintiff "kn[ew] or ha[d] reason to know of the actual injury" underlying his claims. Lukovsky, 535 F.3d at 1051. Accordingly, the statute of limitations on Plaintiffs' causes of action expired on December 14, 2010—one day before Plaintiffs filed their Complaint. (See Doc. # 1.)

In their Opposition to the instant Motion, Plaintiffs assert that the doctrine of equitable estoppel bars Defendants from asserting the statute of

12

limitations as a defense.  However, Plaintiffs conflate the doctrines of equitable

tolling and equitable estoppel.  Equitable tolling involves the suspension of the

running of the limitations period.  "In order to toll a statute of limitations for a

complaint filed after its expiration, a plaintiff must demonstrate (1) that he . . . has

been pursuing his right diligently, and (2) that some extraordinary circumstance

stood in his way."  Office of Hawaiian Affairs v. State, 122 P.3d 767, 789 (Haw.

2006) (internal quotations omitted).  "Extraordinary circumstances are

circumstances that are beyond the control of the complainant and make it

impossible to file a complaint within the statute of limitations."  Id.

Equitable estoppel, on the other hand, involves a circumstance in

which a defendant is estopped from asserting the statute of limitations as a defense.

Pursuant to this doctrine, "'a defendant cannot avail [her or] himself of the bar of

the statute of limitations, if it appears that he [or she] has done anything that would

tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed

by the statute to run against him [or her].'"  Vidinha v. Miyaki, 145 P.3d 879, 885

(Haw. App. 2006) (quoting Mauian Hotel, Inc. v. Maui Pineapple Co., 481 P.2d

310, 315 (Haw. 1971).  "One invoking equitable estoppel must show that he or she

has detrimentally relied on the representation or conduct of the person

13

sought to be estopped, and that such reliance was reasonable." Id. (quoting

Doherty v. Hartford Ins. Group, 574 P.2d 132, 134–35 (Haw. 1978).

Plaintiffs do not allege any facts or circumstances to support the application of either equitable doctrine here.  With respect to equitable tolling, Plaintiffs have not alleged facts demonstrating that they have "been pursuing [their] right[s] diligently" or that some extraordinary circumstance "ma[d]e it impossible to file a complaint within the statute of limitations."  Hawaiian Affairs, 122 P.3d at 789.  Plaintiffs argue in their Opposition brief that they have shown diligence because they allege that they made repeated complaints to law enforcement officers regarding Lewis' ongoing threats and harassment.  (Opp. at 3.)  However, for purposes of equitable tolling, Plaintiffs must demonstrate due diligence in obtaining information bearing on the existence of Plaintiffs' claims against the Defendants in this case.  Lewis is not a defendant in this case and this action is not based on Lewis' wrongdoings, but rather on alleged police misconduct.  Therefore, the fact that Plaintiffs repeatedly complained about Lewis' conduct is not relevant to the due diligence inquiry.

Plaintiffs also allege the following as to Defendant Fuiava's alleged attempt to have Andrews civilly committed:

> Based on notes in a detailed hospital report printed on November 29, 2010, a report which was different then [sic] the report that had been disclosed to Plaintiffs earlier despite their due diligence inquiries, Plaintiff[s] are informed and believe, and thereon allege that Defendants . . . , upon arrival at the hospital, [] tried to get [] Plaintiff ANDREWS committed through a civil procedure and failed.

(FAC ¶ 57b.)  Plaintiffs' fleeting reference to their "due diligence inquiries" is not sufficient to demonstrate that they have been diligently pursuing their claims since Andrews' arrest.  Further, there is no allegation suggesting that Plaintiffs were unable to obtain this information as a result of some extraordinary circumstance, nor is there any explanation as to how the absence of this report made it impossible for Plaintiffs to file their claims within the statute of limitations.  The Court therefore concludes that this single allegation regarding the recently printed hospital report, standing alone, is not sufficient to toll the statute of limitations.

Similarly, Plaintiffs fail to allege any basis for applying the doctrine of equitable estoppel.  Plaintiffs assert in their Opposition brief that they were dissuaded from filing suit because Defendants Mahuna, Thomas, and Roth "lulled Plaintiffs into believing they were investigating the matters complained of but omitted revealing they had discovered misconduct on the part of police."  (Opp. at 4.)  There are, however, no factual allegations in the FAC to support this contention.  Plaintiffs have not demonstrated that these Defendants had

information regarding the specific misconduct forming the basis of this action or that they made any specific representations that led Plaintiffs to believe they were investigating these matters.  Plaintiffs also fail to show that they reasonably relied on any such representations to their detriment.  Absent such a showing, Plaintiffs cannot invoke the equitable estoppel doctrine with respect to these Defendants. See Vidinha, 145 P.3d at 885.

Plaintiffs further argue that Defendants Fuviava and Makua should be estopped from asserting the statute of limitations as a defense because they misled Plaintiffs by telling them that the arrest was at the direction of an All Police Bulletin ("APB") issued by detectives and that a general order allowed detectives to hold Andrews for 48 hours.  However, there is no allegation in the FAC suggesting that these alleged representations are false.  Moreover, it is not clear to the Court how this representation served to "lull the [P]laintiff[s] into inaction."

Accordingly, the Court concludes that Plaintiffs have failed to allege sufficient facts in the FAC to show that Plaintiffs are entitled to equitable tolling or that equitable estoppel applies here.

II.   Pleading Deficiencies

Defendants next argue that the allegations in the FAC fail to satisfy the basic pleading requirements of the Federal Rules of Civil Procedure.

16

Specifically, Defendants assert that the FAC provides no connection between the alleged facts and the causes of action alleged.  The Federal Rules of Procedure require a plaintiff to provide "a short and plain statement of the claim[s] showing that the pleader is entitled to relief" and "to state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. Proc. 8(a)(2), 10(b).  The Court finds that Plaintiffs' FAC, liberally construed, fails to satisfy these requirements.

Plaintiffs allege six causes of action in their FAC.  The first sixty-eight paragraphs of the complaint contain detailed factual allegations that are adopted in full by each of the six counts.  Thus, allegations of fact that may be material to a determination of count one, but not count five, are nonetheless made a part of count five.  To further confuse matters, Plaintiffs do not clearly identify the legal basis for each claim.  For example, the fourth cause of action merely alleges that Defendants "acted herein knowingly, deliberately, intentionally, deliberately indifferent, and maliciously without regard for the rights, interests, and well-being of Plaintiffs . . . ."  (FAC ¶ 87.)  This allegation does not make clear what specific legal claim Plaintiffs are asserting or which factual allegations in the first sixty-eight paragraphs form the basis of that claim.

Additionally, the first cause of action alleges a violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments and once again incorporates by reference the first sixty-eight paragraphs of the FAC.  The structure of Plaintiffs' complaint makes it virtually impossible to know which allegations of fact are intended to support which claims for relief.  Neither Defendants nor the Court are required to sift through Plaintiffs' detailed and convoluted factual allegations and determine which facts establish the underlying factual predicate for each of Plaintiffs' claims.  See McHenry, 84 F.3d at 1180 ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness, and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.")  It is incumbent upon Plaintiffs to make clear to Defendants and the Court what specific conduct entitles them to relief.[3]

---

[3]The Court notes that Plaintiffs attempt to cure these pleading deficiencies by describing the factual basis for each of their claims in their brief in Opposition to the instant Motion.  However, "[i]t is axiomatic that [a] complaint may not be amended by briefs in opposition to a motion to dismiss." Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984).

III.    Standing of Claudia Rohr

Defendants lastly assert that Plaintiff Claudia Rohr lacks Article III

standing to bring any of the claims alleged in the FAC.  A litigant must have both

constitutional standing and prudential standing for a federal court to exercise

jurisdiction over the case.  Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1,

11 (2004).  Constitutional standing requires the plaintiff to "show that the conduct

of which he[/she] complains has caused him[/her] to suffer an 'injury in fact' that a

favorable judgment will redress."  Id. at 12.  In comparison, "prudential standing

encompasses the general prohibition on a litigant's raising another person's legal

rights."  Id. (citation and quotation signals omitted); see also Oregon v. Legal

Servs. Corp., 552 F.3d 965, 971 (9th Cir. 2009).

Here, the Court finds that Rohr lacks standing to assert a § 1983 claim

based on the alleged false arrest of her husband.  The Ninth Circuit has expressly

held that "§ 1983 damages are available only for violations of a party's own

constitutional rights."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d

895, 907 (9th Cir. 2007) (emphasis added); see also Hunt v. City of Los Angeles,

638 F.3d 703, 710 (9th Cir. 2011).  The First Cause of Action in the FAC alleges a

"violation of rights guaranteed to him [Andrews] by the Fourth, Fifth, Ninth and

Fourteenth Amendment[s]."  (FAC ¶ 81.)  Insofar as the § 1983 claims in the FAC

are based on alleged violations of Andrews' constitutionally protected conduct, Plaintiff Rohr lacks standing to assert those claims.

Plaintiffs also allege that Rohr suffered physical and emotional injuries and a loss of consortium as a result of the alleged police misconduct. (FAC ¶ 77.)  Insofar as Rohr is attempting to assert tort claims based on injuries caused by Defendants' allegedly negligent and/or intentional conduct, she has standing to assert those claims.  Specifically, the Court finds that Rohr has alleged injuries in fact and that a favorable judgment as to those claims would redress those injuries.  Therefore, while the Court expresses no view on whether these claims have merit, the Court determines that Rohr has standing to assert these claims.

IV.   <u>Leave to Amend</u>

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires."  Further, "requests for leave should be granted with extreme liberality."  <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 792 (9th Cir. 2009).  "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment."  <u>Id.</u>  "However, 'liberality in granting leave to amend is subject to several limitations.'"  <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting <u>Ascon</u>

20

Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).  "Those

limitations include undue prejudice to the opposing party, bad faith by the movant,

futility, and undue delay."  Id. (citing Ascon Props, 866 F.2d at 1160).  "Further,

'[t]he district court's discretion to deny leave to amend is particularly broad where

plaintiff has previously amended the complaint.'"  Id.  (quoting Ascon Props, 866

F.2d at 1160).

Here, it is beyond dispute that the statute of limitations on Plaintiffs'

claims expired before they filed their Complaint.  However, in light of the fact that

Plaintiffs are proceeding pro se, the Court will give them one more opportunity to

allege sufficient grounds for equitable relief.  The Complaint is therefore

**DISMISSED WITHOUT PREJUDICE** as against all Defendants in this action

with leave to amend no later than forty-five (45) days from the filing of this Order.

Failure to do so and to cure the pleading deficiencies identified above will result in

dismissal of this action with prejudice.  Plaintiffs are advised that in addition to

pleading grounds for equitable relief, the amended complaint must clearly identify

the specific causes of action alleged and the factual allegations upon which those

claims are based.

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Defendants' Motion to

Dismiss (Doc. # 44) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' First

Amended Complaint.  The hearing on this matter is hereby **VACATED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 9, 2012.



_____
David Alan Ezra
United States District Judge

<u>Andrews, et al.  v. County of Hawaii et al.</u>, Cv. No. 10-00749 DAE-KSC; ORDER:
(1) GRANTING DEFENDANTS' MOTION TO DISMISS; (2) DISMISSING
THE FIRST AMENDED COMPLAINT WITHOUT PREJUDICE; AND (3)
VACATING THE HEARING